## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| E.D., a minor, by MARYANN DOTEGOWSKI individually and as next friend of E.D., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 16-CV-432-NJR-SCW |
| ABBOTT LABORATORIES, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Before the Court is Defendant's Motion to Dismiss filed on June 7, 2016. (Doc. 8). For the reasons set forth below, the Motion to Dismiss is denied.

### BACKGROUND

Plaintiff Maryann Dotegowski, individually and as next friend of plaintiff E.D., filed her original complaint pursuant to 28 U.S.C. § 1332 on April 18, 2016, alleging, *inter alia,* that E.D. sustained birth defects from Maryann Dotegowski's use of Defendant's prescription drug Depakote. (Doc. 1). Plaintiffs allege that Depakote is an inherently dangerous drug and that Defendant knew or should have known of the dangerous condition of its product but failed to adequately warn or instruct physicians and consumers of the risks of the drug. *Id.* at 7.

Plaintiffs originally filed an action in the Superior Court of California, County of Los Angeles, on July 29, 2010. (Doc. 8, at p. 4). The case was eventually transferred to the Superior Court for the County of San Francisco. *Id.* After two years of discovery,

Defendant moved for summary judgment or, in the alternative, summary adjudication.[1] *Id.* at 5. Defendant asserted, *inter alia*, that the claims were barred by the relevant California statute of limitation. *Id.* In response, Plaintiffs asserted that Ms. Dotegowski did not become aware of the actual cause of the injury until much later in time and therefore the "discovery rule" tolled the statute of limitation. (Doc. 8-8. at p. 3). With the exception of the failure to warn theory, Plaintiffs withdrew all other claims. *Id.* at 2-3. The California court granted summary adjudication as to any claims abandoned or withdrawn by Plaintiffs. *Id.* at 3.

The court ultimately found that a triable issue remained concerning the discovery rule and accordingly, denied Defendant's Motion for Summary Judgment. (Doc. 8, at p. 5). Defendant then moved to bifurcate the statute of limitation issue from the merits of the case. *Id.* Over Plaintiffs' objection, the California court granted the motion to bifurcate. Before the "mini-trial" on the statute of limitation issue, however, Plaintiffs provided supplemental briefing to the trial judge, which resulted in a finding that a different California statute of limitation applied to the claim.[2] (Doc. 9-5, at p. 10). Before any further proceedings occurred, the appellate court approved Defendant's writ of review and requested briefing from the parties concerning which statute should apply. (Doc. 8-11). Before a decision was issued, the parties stipulated that the statute of limitation without the tolling provision should apply in the case. *See id.* Thereafter, the

---

[1] California Civil Procedure distinguishes a party's motion asserting that an entire action has no merit, "summary judgment," from a party's motion asserting that one or more claims have no merit, "summary adjudication." Cal. Civ. Proc. Code § 437c (a)(1); (f)(1).

[2] The material difference between the two statutes of limitation concerned the tolling provision. The statute Defendants asserted as controlling did not contain a tolling provision for minors, whereas the statute asserted by Plaintiffs contained a tolling provision similar to the relevant Illinois statute of limitation discussed below. (Doc. 9-1).

court reset the bifurcated trial, and the parties submitted a single question to the jury, as set forth below:

> Before July 29, 2004, did Maryann Dotegowski discover, or know of facts that would have caused a reasonable person to suspect, that E.D. had suffered harm that was caused by someone's wrongful conduct. (Doc. 9, at p.2).

After a week-long trial, the jury resolved this question in the affirmative, thereby extinguishing Plaintiffs use of the discovery rule to toll the statute of limitation. (Doc. 8, at p. 7). On September 1, 2015, the Superior court entered the Judgment on Jury Verdict. (Doc. 8-16). The Judgment noted that the jury verdict in favor of Defendant concerned the single procedural question regarding the statute of limitation and that all other claims in the First Amended Complaint were disposed of via summary adjudication in favor of Defendant. (Doc. 8-16, at pp. 2-4).

Plaintiffs filed their Complaint with this Court on April 18, 2016, alleging diversity of citizenship as the basis for the Court's subject matter jurisdiction. (Doc. 1). The complaint raises "the same claim[] against the same party."[3]  (Doc. 9, at pp. 6; 1). The current dispute before the Court concerns whether the California Court's prior judgment, based of the California statute of limitation, precludes Plaintiffs from litigating their claim in the Southern District of Illinois.

---

[3] In additional to the original claims raised in the state court complaint, Plaintiffs' federal complaint raised two additional legal theories. In their Response to Defendant's Motion to Dismiss, however, Plaintiffs affirmatively withdrew all claims with the exception of the allegation concerning Defendants' "failure to warn." (Doc. 9, at p. 1 n.1.) Accordingly, those claims are no longer before the Court.

<u>D<small>ISCUSSION</small></u>

Federal courts must apply the statutes of limitation of the state in which they sit when diversity of citizenship is the only basis for subject matter jurisdiction. *Reinke v. Boden*, 45 F.3d 166, 170 (7th Cir. 1995). The Illinois statute of limitation for a minor is automatically tolled until two years after she reaches the age of eighteen. *See Parks v. Kownacki*, 193 Ill. 2d 164, 176, (2000) (citing 735 Ill. Comp. Stat. Ann. 5/13-211). As plaintiff E.D. is still a minor, it is undisputed that the Illinois statute of limitation does not bar the current claim. (Docs. 8-10). Rather, Defendant asserts that *res judicata* and the doctrine of judicial estoppel preclude the current action. (Doc. 8).

Concerning *res judicata*, 28 U.S.C. § 1738 provides that "a federal court must give the judgment of a state court the same effect that it would have in the courts of the state of rendition." *Reinke v. Boden*, 45 F.3d 166, 169 (7th Cir. 1995) (citing the same). The key question therefore is what effect California intends from a judgment based on the running of the statute of limitation. Traditionally, statutes of limitation fall into one of two categories: ones that are an integral part of the cause of action and ones that are considered procedural in nature. *Reinke v. Boden*, 45 F.3d 166, 169 (7th Cir. 1995). When the limitation period lapses in the first category, the resulting judgment is considered "on the merits." Conversely, in the second category, the expiration of the limitation period only extinguishes the possibility of recovery in a particular forum. *Id.*

The California statute of limitation is considered procedural in nature and falls squarely into the second category. *Lackner v. LaCroix*, 25 Cal. 3d 747, 751 (1979) ("Termination of an action by a statute of limitations defense must be deemed a technical

or procedural as distinguished from a substantive termination."); *Koch v. Rodlin Enterprises*, 223 Cal. App. 3d 1591, 1596, 273 Cal. Rptr. 438, 441 (Ct. App. 1990) ("Termination of an action by a statute of limitations is deemed a technical or procedural, rather than a substantive, termination."); *Mid-Century Uns. Co. v. Superior Court*, 138 Cal.App.4th 769, 776 (Cal. Ct. App. 2006) ("[T]he purpose served by dismissal on limitations grounds is in no way dependent on nor reflective of the merits-or lack thereof-in the underlying action."); s*ee Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998) ("California has emphasized the fact that the statute of limitations is a kind of procedural bar, and not one which relates to the merits of the case.")

Consequently, while the effect of the "judgment" based on the California statute of limitation may have extinguished any remedy in the California forum, it does not preclude Plaintiffs from filing their case in a separate forum where the statute of limitation has not expired. Defendant appears to recognize as much in its Motion to Dismiss:

> Ms. Dotegowski's changed testimony made clear that Plaintiffs sued McKesson to prevent Abbott from removing their case. Had a jury in a California federal court rejected Plaintiffs' claims, their re-filed Complaint would have run headlong into the Supreme Court's unambiguous statement that a dismissal on statute of limitations grounds is a judgment on the merits. (Doc. 8, at p. 5, n.5) (internal citation and quotation omitted).

The Defendant's lamentation of the "tactics" employed by Plaintiffs to stay out of federal court inherently recognizes the non-preclusive effect of a California state court judgment on this Court. Indeed, there would be no need to draw this Court's attention to the preclusive effects of judgments rendered in other federal courts unless the defense recognized the guidance of the Seventh Circuit and the procedural nature of California's

statute of limitation. *See Reinke v. Boden*, 45 F.3d 166, 169 (7th Cir. 1995).

In *Reinke v. Boden,* a claim terminated by a Minnesota state court judgment based on the statute of limitation was refiled in the federal district court sitting in Illinois. *Id.* After analyzing the statutes of limitation in both Minnesota and Illinois, the Seventh Circuit ultimately found that neither state precluded the commencement of an action in the district court in Illinois. The Court reasoned that while the "Minnesota Court of Appeals [] noted that a statute of limitations dismissal amounts to a dismissal on the merits," that proclamation was limited to the intra-state effect. *Id.* at 172. Here, the plain language of the California courts indicate that the state's statute of limitation is procedural in nature and judgments rendered on such a basis do not reach the merits of the case.

Defendants try to distinguish the long line of California cases finding the statute of limitation "procedural" in nature by emphasizing that a jury rendered a ***verdict*** in the case. (Doc. 10, at p. 2) ("Despite all of their hand waving, Plaintiffs are unable to muster any examples where a jury verdict was not deemed res judicata.") The error in this position stems from the assumption that a verdict, regardless of the underlying question presented to the jury, renders the finding "on the merits." At Defendant's request, and over the objections of Plaintiffs, the California trial was bifurcated into two phases thereby expressly separating a decision on the "merits" from the question concerning the statute of limitation. The consequence of Defendant's decision was a verdict—and therefore a judgment—that did not reach the merits of the claim.

Defendants argue that under California law, a judgment based on the statute of limitation is final unless additional facts or alternative statutes of limitation can be pleaded to "rescue" the claim. (Doc. 8, at p. 3). In support of this position, Defendant cites *Perez v. Richard Roe 1*, 146 Cal.App.4th 171, 185 (2006), and *Sangster v. San Bernardino Cty. Sheriff Dep't*, No. EDCV 12-02007-JAK OP, 2013 WL 2121917, at *4 (C.D. Cal. Apr. 16, 2013). *Id.* While such a sweeping declaration may be true for claims operating under the same statute of limitation, neither case cited by Defendant discussed or involved bringing claims in courts where the limitations periods had not run (what the Seventh Circuit refers to as an "intersystem" situation).[4] *See Reinke v. Boden*, 45 F.3d 166, 172 (7th Cir. 1995).

A similar logical defect exists within Defendant's theory that the doctrine of estoppel bars Plaintiffs' claim.[5] (Doc. 8, at p. 13) ("As Plaintiffs stipulated to, California courts have accepted, and Abbott relied on the principle that [the California statute of limitation] governs their case….") Defendant appears to be operating under the assumption that the statute of limitation from the jurisdiction where a case is first filed should thereafter be imported into any subsequent jurisdiction. The fact that Plaintiffs stipulated in a California state court action that a California statute of limitation applied

---

[4]  Additionally, the holding in *Perez v. Richard Roe* was based upon "separation of powers" principles, which are completely inapplicable to the case at hand. *Perez v. Richard Roe 1*, 146 Cal. App. 4th 171, 176 (2006).

[5]  The Seventh Circuit has set forth three factors to consider in assessing whether a claim should be barred by judicial estoppel: (1) "a party's later position must be clearly inconsistent with its earlier position;" (2) "the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled;" and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *In re Knight-Celotex, LLC*, 695 F.3d 714, 721 (7th Cir. 2012) (internal citation and quotation omitted).

"in this case" does not alter the appropriate statute of limitation this Court must apply, *i.e.,* Illinois. *See Reinke v. Boden*, 45 F.3d 166, 170 (7th Cir. 1995) (noting that federal courts must apply the statutes of limitation of the state in which they sit when diversity of citizenship is the only basis for subject matter jurisdiction.) Recognizing that a certain procedural rule applied in one forum and then correctly asserting that a separate procedural rule applies in the new jurisdiction is not inconsistent. Accordingly, the application of judicial estoppel to bar Plaintiffs' claim would be unjust.

## CONCLUSION

This Court is required to give the judgment of a state court the same effect that it would have in the courts of the state of rendition. California views judgments based on the statutes of limitation as technical or procedural in nature. While claim preclusion is therefore unavailable to Defendants, to the extent it proves relevant, this Court *does* gives full effect to the prior verdict that "before July 29, 2004, Maryann Dotegowski discover[ed], or [knew] of facts that would have caused a reasonable person to suspect, that E.D. had suffered harm that was caused by someone's wrongful conduct." (Doc. 9, at p. 2). For these reasons, Defendant's Motion to Dismiss (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   October 19, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**